# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY A. BARNHILL, et al., | |
| Plaintiffs, | CIVIL ACTION No. 3:09-CV-0273 |
| v. | (JUDGE CAPUTO) |
| THOMAS F. PREGENT, et al., | |
| Defendants. | |

## **MEMORANDUM**

Now before the Court is the United States Department of Health and Human Services' Motion to Dismiss Counterclaim Count XII in Defendant Anthony Misitano and Pinehurst Medical Corporation, LLC's Amended Answer and Counterclaim and Cross-claim. (Doc. 11.) For the reasons set forth in detail below, the Court will: (1) grant the current motion, (2) dismiss the United States Department of Health and Human Services from this case, (3) will decline supplemental jurisdiction over the remaining state law claims, and (4) will dismiss this case.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1346.

## **BACKGROUND**

This case arises out of the sale of a nursing care facility known as the Heritage Nursing Home, Inc. ("Heritage") originally owned by David Arnold. This facility accepted patients from both New York and Pennsylvania and received reimbursements from the New York and Pennsylvania Medicaid programs along with federal reimbursement. In 2004, Arnold was found guilty on larceny charges in New York stemming from his defrauding of the New York State Medicaid program while operating Heritage. Since Heritage could no

longer receive federal reimbursement with Arnold involved in the home's ownership/management, he entered into an agreement with the Office of the Inspector General of the United States Department of Health and Human Services ("OIG") under which the OIG would not remove Heritage from federal program eligibility, pending a change in ownership.  Among the many conditions in this Exclusion Agreement, Arnold was required to obtain the OIG's written approval before a sale of Heritage could be finalized. (*See* Exclusion Agreement, Doc. 11, Ex. 1.)

In late 2004, Thomas Pregent, the owner of a long-term nursing facility located in Pennsylvania called the Kepler Home, entered into negotiations to purchase Heritage.  In January 2005, Pregent executed a Stock Purchase Agreement in effort to purchase all issued stock of Heritage.  Jeffrey A. Barnhill and H.C.M.B.C., Inc. assisted Pregent by providing consulting services regarding the proposed purchase. Before Pregent's purchase could be made complete the OIG notified Arnold that it would not approve Pregent as a purchaser, and Arnold notified Pregent that the purchase agreement had been terminated for this reason.  Subsequently the Kepler Home and Pregent terminated their consulting agreement with Barnhill and H.C.M.B.C..

After the termination of these agreements, Barnhill entered into his own negotiations with Arnold as a potential purchaser of Heritage, and in February 2005, executed a stock purchase agreement with terms similar to those contained in the earlier, terminated Pregent agreement. Barnhill alleges that while he was putting together his purchase of Heritage, Pregent began to seek ways to circumvent the OIG's disapproval of him as an owner of Heritage.  In March of 2005, Pregent's counsel wrote to Arnold asserting rights under the stock purchase agreement that had been terminated when Pregent failed to obtain OIG

2

approval. Arnold's counsel informed Pregent that the stock purchase agreement had been cancelled when he failed to get OIG approval. During this same period Pregent met with Anthony Misitano with a proposal to assign Pregent's rights to purchase Heritage under the terminated stock purchase agreement to Pinehurst Medical Corporation. Barnhill alleges that Mistano and Pinehurst had previously hired him as a consultant on a similar transaction.

Barnhill alleges that Pregent and Pinehurst attempted to coerce him to abandon his rights under the stock purchase agreement he had executed with Arnold, thereby allowing Heritage to be purchased by Pinehurst and Pregent. Pregent filed a Writ of Summons asserting his right to purchase Heritage. Barnhill alleges that this writ caused his financial backer to suspend its activities relating to the Heritage sale until the writ was resolved. During the time that his attorneys were trying to resolve the writ, Barnhill attended the final in-person review by the Pennsylvania Department of Health, at which time he was told that he was a satisfactory candidate to the Pennsylvania Department of Health, OIG, and the New York Attorney General's Office. Barnhill, alleges that Arnold failed to take the required action toward securing written confirmation of Barnhill's agency approvals, and further alleges that Arnold's inactivity stemmed from the renewed negotiations with Pregent and Misitano. According to Barnhill, the new negotiations between Arnold, Pregent, and Misitano, along with the Writ of Summons, caused Barnhill to face difficulty in obtaining financing, and the final approval of the OIG. On May 27, 2005 Arnold terminated Barnhill's stock purchase agreement, citing Barnhill's failure to obtain financing and final written approval from the OIG, and Heritage was ultimately sold to Athens Healthcare, LLC and Athens Healthcare, Inc., headed by Bruce Boyer.

This action was initiated on April 18, 2005 in the Court of Common Pleas of Bradford County, Pennsylvania. The Plaintiffs in the original action were Jeffrey A. Barnhill, and H.C.M.B.C., Inc.. The Defendants in the original action were (1) Thomas F. Pregent, (2) The Kepler Home, Inc., (3) Anthony Misitano, (4) Pinehurst Medical Corporation, L.L.C. ("Pinehurst"), (5) David Arnold, and (6) Brian Davidson. In January 2009, Misitano and Pinehurst filed an "Answer and New Matter With Counterclaim and Cross Claim" (Doc. 6). In addition to ten (10) affirmative defenses, Misitano and Pinehurst also assert twelve (12) counterclaims and three (3) cross claims. The asserted counterclaims include claims for (I) Intentional Interference with a Prospective Contract, (II) Intentional Interference with Prospective Economic Advantage, (III) Malicious Abuse of Process, (IV, V, & VI) Breach of Contract, (VII) Breach of Fiduciary Duty, (VIII) Unjust Enrichment, (IX) Fraud, (X) Trade Libel, (XI) Civil Conspiracy, and (XII) Declaratory Judgment. (Doc. 6 ¶¶ 240-367.) The asserted counterclaims include (I) Breach of Contract, (II) Intentional Interference with Prospective Contract, and (III) Intentional Interference with Prospective Economic Advantage. (*Id.* ¶¶ 368-414.) Notably, in "Counterclaim Count XII," Misitano and Pinehurst joined several new parties as Counterclaim Defendants, including the Office of the Inspector General of the United States Department of Health and Human Services, United States Attorney Jeffrey A. Taylor, and United States Attorney Martin C. Carlson. (*Id*. ¶¶ 344-345.)

On February 10, 2009, the Federal Counterclaim Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446. (Doc. 1.) On February 17, 2009, Defendants Misitano and Pinehurst voluntarily dismissed United States Attorneys Taylor and Carlson, without prejudice, pursuant to Federal Rules of Civil Procedure 41(c) and 41(a)(1)(A). (Doc. 2.) On February 26, 2009 the OIG filed the current Motion to Dismiss,

4

along with a corresponding Brief in Support arguing that this Court lacks subject matter jurisdiction over this action and that Misitano and Pinehurst have failed to state a claim against OIG. (Docs. 11 & 12.)  On March 16, 2009 Misitano and Pinehurst filed a Brief in Opposition (Doc. 18) to the OIG's motion, and the OIG filed a Reply Brief (Doc. 37) on April 2, 2009.  Thus, the current motion has been fully briefed and is now ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action. FED. R. CIV. P. 12(b)(1). A defendant may challenge the existence of subject matter jurisdiction in two fashions. *See Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Where a defendant attacks the complaint as deficient on its face, the Court must assume that "the allegations contained in the complaint are true." *Id.*  In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss. *Hunter v. United States*, No. 00-cv-0036, 2000 U.S. Dist. LEXIS 20206, at *7 (M.D. Pa. Dec. 15, 2000). *See generally Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

However, when the motion to dismiss attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to the allegation included in the

5

plaintiff's complaint. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891). Thus, the Court may weigh all of the available evidence to satisfy itself that subject matter jurisdiction indeed exists. Id. It is important to note also that the existence of disputed material facts will not preclude the Court from evaluating the jurisdictional allegations set forth in the complaint. *Gould Elecs., Inc. V. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the

complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

In Counterclaim Count XII, Misitano and Pinehurst make two allegations against OIG: (1) that "[o]n or about August 23, 2004 Defendants Arnold and Heritage and OIG entered into an Exclusion Agreement," and (2) that "neither OIG nor New York approved extension of times contained within the Exclusion Agreement. . .." (Doc. 6 ¶¶ 352, 365.) On the basis of these allegations, Misitano and Pinehurst seek a declaration stating that the Exclusion Agreement is valid and enforceable, Arnold and Heritage breached the Exclusion

Agreement, OIG did not waive this alleged breach, and that OIG did not approve various stock purchase agreements. (*See* Doc. 6 ¶ 367.)

In its Brief in Support of the current motion, the OIG argues that "Defendants and Counterclaimants Misitano and Pinehurst fail to establish, or even to claim, that this Court possesses subject matter jurisdiction over their claims against OIG, nor do they claim that the United States has waived sovereign immunity." (Doc. 12, at 6.) In the alternative, the OIG argues that Misitano and Pinehurst fail to state a claim for relief against OIG because "[n]o factual basis is asserted for seeking declaratory relief against OIG since Counterclaimants are not even parties to the Exclusion Agreement which they invoke." (*Id.*, at 8.) In opposition, Misitano and Pinehurst argue that subject matter jurisdiction exists because the present case involves an Exclusion Agreement to which the United States is a party and, therefore, that interpretation of that Exclusion Agreement involves a question of federal law. (*See* Doc. 18, at 5.) Misitano and Pinehurst further argue that sovereign immunity is not applicable in this case because they are not seeking monetary damages, but only a declaratory judgment. (*Id.*, at 6.) Finally, Misitano and Pinehurst argue that they have stated a claim against OIG because "OIG is a party to the Exclusion Agreement and has an interest in the interpretation and adjudication of validity of that contract." (*Id.* at 8.)

The United States Supreme Court has "observed that the Declaratory Judgment Act, 28 U.S.C. § 2201, enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Exxon Corp. v. Hunt*, 683 F.2d 69, 72 (3d Cir. 1982) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Skelly Oil Co.*, 339

U.S. at 672 (quoting *Gully v. First National Bank*, 229 U.S. 109, 115 (1936)). "[W]here a suit is brought in the federal courts 'upon the sole ground that the determination of the suit depends upon some question of a Federal nature, it must appear, at the outset, from the declaration of the bill of the party suing, that the suit is of that character." *Skelly Oil Co.*, 339 U.S. at 672 (citing *Metcalf v. Watertown*, 128 U.S. 586, 589 (1888)). Accordingly, the [Supreme] Court cautioned against entering a declaratory complaint that did not really present a federal question on its face. . .." *Exxon Corp.*, 683 F.2d at 72 (citing *Skelly Oil Co.*, 339 U.S. at 671).

In the current case, Count XII of Misitano and Pinehurst's Counterclaim simply requests a declaration that a valid Exclusion Agreement existed, was entered into on certain dates, established a time period for Arnold's sale of Heritage, was valid, and was not waived by OIG. While these allegations would not require the Court to apply or interpret any federal law if Misitano and Pinehurst had not joined OIG as a Counterclaim Defendant, the United States Supreme Court has also "held that obligations to and rights of the United States under its contracts are governed exclusively by federal law." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504-505 (1988) (citing *United States v. Little Lake Misere Land Co.*, 412 U.S. 580, 592-594 (1973); *Priebe & Sons, Inc. v. United States*, 332 U.S. 407, 411 (1947); *National Metropolitan Bank v. United States*, 323 U.S. 454, 456 (1945); *Clearfield Trust Co. v. United States*, 318 U.S. 363, 366-367 (1943)). Thus, the Court believes that it does have subject matter jurisdiction over Counterclaim Count XII with respect to OIG pursuant to 28 U.S.C. § 1331. Moreover, the Court also believes that the United States Department of Health and Human Services' status as a defendant to Misitano and

Pinehurst's Counterclaim provides this Court with jurisdiction over Counterclaim Count XII pursuant to 28 U.S.C. § 1346(a)(2).

However, in its review of Counterclaim Count XII, the Court also finds that Misitano and Pinehurst have failed to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. The Court takes particular note that Counterclaim Count XII seeks a declaratory judgment concerning an Exclusion Agreement to which neither Misitano nor Pinehurst is a party. (*See* Exclusion Agreement, Doc. 12, Ex. 1.) Counterclaim Count XII contains no allegations that either Misitano or Pinehurst were intended, non-incidental beneficiaries of the Exclusion Agreement entered into by Arnold, Heritage, and OIG. Thus, Counterclaim Count XII does not contain any allegations that OIG had any duty or obligations to Misitano or Pinehurst as a result of its Exclusion Agreement with Arnold and Heritage. *See generally* RESTATEMENT (SECOND) OF CONTRACTS §§ 302, 315. Accordingly, the Court finds that Counterclaim Count XII does not provide sufficient facts to plausibly suggest that Misitano and Pinehurst are entitled to any relief against OIG. For this reason, the Court will grant OIG's Motion to Dismiss Count XII the Amended Answer and Counterclaim and Cross-claim and will dismiss the United States Department of Health and Human Services from this action.

## CONCLUSION

For the reasons detailed above, the Court will grant the United States Department of Health and Human Services' Motion to Dismiss Counterclaim Count XII in Defendant Anthony Misitano and Pinehurst Medical Corporation, LLC's Amended Answer and Counterclaim and Cross-claim (Doc. 11), and will dismiss the United States Department of

Health and Human Services from this case. As the Court will dismiss all claims over which it has original jurisdiction, the Court will also decline to exercise supplemental jurisdiction over the remaining state law claims in accordance with 28 U.S.C. 1367(c)(3) and will dismiss this case.

    An appropriate order follows.


 September 16, 2009                                                   /s/ A. Richard Caputo
Date                                                                      A. Richard Caputo
                                                                                    United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY A. BARNHILL, et al., | CIVIL ACTION No. 3:09-CV-0273 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| THOMAS F. PREGENT, et al., | |
| Defendants. | |

## ORDER

Now, this ___16___ day of September, 2009, it is **HEREBY ORDERED** that

(1) The United States Department of Health and Human Services' Motion to Dismiss Counterclaim Count XII in Defendant Anthony Misitano and Pinehurst Medical Corporation, LLC's Amended Answer and Counterclaim and Cross-claim (Doc. 11) is **GRANTED**, and the United States Department of Health and Human Services is **DISMISSED** from this case.

(2) The Court declines jurisdiction over the remaining state law claims pursuant to 28 U.S.C. 1367(c)(3).

(3) This case is **DISMISSED**.

(4) The Clerk of Court is instructed to mark this case as **CLOSED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge