# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY A. BARNHILL, et al., | |
| Plaintiffs, | CIVIL ACTION No. 3:09-CV-0273 |
| v. | (JUDGE CAPUTO) |
| THOMAS F. PREGENT, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Plaintiffs' Motion for Reconsideration of this Court's January 8, 2010 Memorandum Order. Because dismissing the state law claims rather than remanding to state court would result in a manifest injustice, this Court will grant Plaintiffs' motion.

## **BACKGROUND**

This Court authored an in-depth factual background section in its Order of September 16, 2009. Because the instant motion is focused on the procedural issues in this case, the Court will not belabor the factual circumstances that gave rise to the instant suit and will focus on the procedural history.

This action was initiated on April 18, 2005 in the Court of Common Pleas of Bradford County, Pennsylvania. The Plaintiffs in the original action were Jeffrey A. Barnhill, and H.C.M.B.C., Inc.. The Defendants in the original action were (1) Thomas F. Pregent, (2) The Kepler Home, Inc., (3) Anthony Misitano, (4) Pinehurst Medical Corporation, L.L.C. ("Pinehurst"), (5) David Arnold, and (6) Brian Davidson. In January 2009, Misitano and Pinehurst filed an "Answer and New Matter With Counterclaim and Cross Claim" (Doc. 6).

In addition to ten (10) affirmative defenses, Misitano and Pinehurst also asserted twelve (12) counterclaims and three (3) cross claims. The asserted counterclaims include claims for (I) Intentional Interference with a Prospective Contract, (II) Intentional Interference with Prospective Economic Advantage, (III) Malicious Abuse of Process, (IV, V, & VI) Breach of Contract, (VII) Breach of Fiduciary Duty, (VIII) Unjust Enrichment, (IX) Fraud, (X) Trade Libel, (XI) Civil Conspiracy, and (XII) Declaratory Judgment. (Doc. 6 ¶¶ 240-367.) The asserted counterclaims include (I) Breach of Contract, (II) Intentional Interference with Prospective Contract, and (III) Intentional Interference with Prospective Economic Advantage. (*Id.* ¶¶ 368-414.) Notably, in "Counterclaim Count XII," Misitano and Pinehurst joined several new parties as Counterclaim Defendants, including the Office of the Inspector General of the United States Department of Health and Human Services (the "OIG"), United States Attorney Jeffrey A. Taylor, and United States Attorney Martin C. Carlson. (*Id.* ¶¶ 344-345.)

On February 10, 2009, the Federal Counterclaim Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446. (Doc. 1.) On February 17, 2009, Defendants Misitano and Pinehurst voluntarily dismissed United States Attorneys Taylor and Carlson, without prejudice, pursuant to Federal Rules of Civil Procedure 41(c) and 41(a)(1)(A). (Doc. 2.) On February 26, 2009 the OIG filed a Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction over this action and that Misitano and Pinehurst have failed to state a claim against OIG. (Docs. 11 & 12.) This Court granted OIG's Motion to Dismiss on September 16, 2009. Also, because all federal claims had been dismissed, this Court declined to exercise its discretion to hear the pendent state law claims. It its Order, this Court simply dismissed the case and ordered the Clerk of Court to mark the case

2

as closed.

On December 21, 2009, Plaintiffs filed a Motion to Correct Clerical Errors in the September 16, 2009 Order, pursuant to Federal Rule of Civil Procedure 60(a). Plaintiffs sought to have the remaining state law claims remanded to state court. On January 8, 2010, this Court issued a Memorandum Order that amended the previous Order to read that the case was "dismissed without prejudice." The Court believed that such a change would correct the clerical omission previously made and reflect the original intention of the Court when it issued is September 16, 2009 Order.

On January 13, 2010, Plaintiffs filed a Motion for Reconsideration, arguing that the Court would cause manifest injustice by dismissing the pendent state law claims rather than remanding them to state court. The instant motion has been fully briefed and is now ripe for consideration.

## **LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v.*

3

*Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

In *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), the Supreme Court discussed whether district courts can relinquish jurisdiction over a case only by dismissing it without prejudice or also relinquish jurisdiction over cases by remanding them to state court. *Carnegie-Mellon*, 484 U.S. at 351. The Supreme Court held that district courts have "discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* at 357. Such discretion would enable district courts to serve the underpinnings of the pendent jurisdiction doctrine, including judicial economy, convenience, fairness, and comity. *Id.*

The Supreme Court reasoned that "a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case." *Id.* at 351-52. The Court noted that the reasons for remand may be diminished in states that have

4

"saving clauses that alleviate the statute-of-limitations problems," but that savings clauses alone do not obviate the need to weigh the principles of judicial economy, convenience, fairness, and comity. *Id*. at 352 n.10.

Even when the statute of limitations has not expired, remand might be the best way to achieve the aforementioned principles of the pendent jurisdiction doctrine. *Id.* at 353. As the Supreme Court explained,

> Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law. . . . [T]his consequence, even taken alone, provides good reason to grant federal courts wide discretion to remand cases involving pendent claims when the exercise of pendent jurisdiction over such cases would be inappropriate.

*Id*. at 353.

Plaintiffs argue that a failure to remand this case will cause manifest injustice. Plaintiffs contend that the expense and effort expended in the four-year history of this case in state court will have to be re-visited and similar papers will have to be re-filed if the state law claims are not remanded. Plaintiffs also assert that it would be unfair to force them to start their case in state court from the beginning, particularly when the case was only removed due to Defendants' addition of a counter-claim against the OIG, which was ultimately dismissed.

Defendants argue that *Carnegie-Mellon* only gave district courts discretion to remand pendent state law claims to state court, but did not require remand. Defendants also argue that the statute of limitations is not implicated in this case due to the Pennsylvania savings

5

statute,[1] and because, after this Court's termination of the case, Defendants filed a cause of action in this district against Plaintiffs upon the same cause of action as this case. This Court does not find Defendants' argument persuasive. Although, the Pennsylvania Savings Clause and the subsequent suit do lessen the importance of remand, they do not completely eliminate the concerns articulated in *Carnegie-Mellon*. Furthermore, while *Carnegie-Mellon* does not require automatic, mandatory remand, district courts generally should consider the factors underlying pendent jurisdiction before deciding whether to dismiss or remand.

Weighing the issues of judicial economy, convenience, fairness, and comity in the instant case, this Court believes that it would create a manifest injustice not to remand the case to state court. First, it would serve the goals of judicial economy to avoid a circumstance wherein both parties would have go back to the beginning of this case and re-file and re-argue issues that have already been covered. This would also certainly be more convenient for both parties as well. Plaintiffs will not have to re-file the same law suit, and Defendants will not have to defend the same positions over again. Moreover, remand would promote the goal of fairness. Plaintiffs filed their case in state court and sought to try their case in that forum. The case was removed to federal court only through the Defendants' addition of a counter-claim against the OIG and the OIG's subsequent removal of this case. This counter-claim was dismissed fairly quickly through a 12(b)(6) motion. It would be unfair to dismiss the pendent state law claims and force Plaintiffs to re-litigate their case in their original forum of choice simply because of procedural activity that occurred

---

[1] *See* 42 PA. STAT. ANN. § 5535(a).

6

through no doing of their own. As such, the circumstances of this case weigh in favor of remanding the pendent state law claims to state court rather than dismissing them.

## **CONCLUSION**

For the reasons detailed above, the Court will grant Plaintiffs' Motion for Reconsideration. This Court's January 8, 2010 Memorandum Order will be vacated. This Court's September 16, 2009 Order will be amended to reflect a remand of the pendent state law claims to the Court of Common Pleas of Bradford County, Pennsylvania.

An appropriate order follows.


 March 1, 2010                                                         /s/ A. Richard Caputo
 Date                                                                          A. Richard Caputo
                                                                                United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY A. BARNHILL, et al., | CIVIL ACTION No. 3:09-CV-0273 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| THOMAS F. PREGENT, et al., | |
| Defendants. | |

## ORDER

Now, this  1st  day of March, 2010, it is **HEREBY ORDERED** that:

(1) Plaintiffs' Motion for Reconsideration (Doc. 96) is **GRANTED**.

(2) This Court's Memorandum Order of January 8, 2010 is **VACATED**.

(3) This Court's Order of September 16, 2009 (Doc. 88) is **CORRECTED.** Part two (2) of that Order no longer reads "This case is **DISMISSED**." Instead, part two (2) of that Order should state "**This case is REMANDED to the Court of Common Pleas of Bradford County, Pennsylvania.**"

(4) The Clerk of Court is instructed to mark this case as **CLOSED.**

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge