# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFERY A. BARNHILL, et al.,

   Plaintiffs,

v.

THOMAS F. PREGENT, et al.,

   Defendants.

CIVIL ACTION No. 3:09-CV-0273

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is the Motion to Approve Supersedeas Bond or for Stay Pending Appeal of Defendants Anthony Mistiano and Pinehurst Medical Corporation, LLC. (Doc. 109.) For the reasons discussed more fully below, this motion will be denied.

## **BACKGROUND**

This Court authored an in-depth factual background section in its Order of September 16, 2009. Because the instant motion is focused on the procedural issues in this case, the Court will not belabor the factual circumstances that gave rise to the instant suit and will focus on the procedural history.

This action was initiated on April 18, 2005 in the Court of Common Pleas of Bradford County, Pennsylvania. The Plaintiffs in the original action were Jeffrey A. Barnhill, and H.C.M.B.C., Inc.. The Defendants in the original action were (1) Thomas F. Pregent, (2) The Kepler Home, Inc., (3) Anthony Misitano, (4) Pinehurst Medical Corporation, L.L.C. ("Pinehurst"), (5) David Arnold, and (6) Brian Davidson. In January 2009, Misitano and Pinehurst filed an "Answer and New Matter With Counterclaim and Cross Claim" (Doc. 6). In addition to ten (10) affirmative defenses, Misitano and Pinehurst also asserted twelve

(12) counterclaims and three (3) cross claims.  The asserted counterclaims include claims for (I) Intentional Interference with a Prospective Contract, (II) Intentional Interference with Prospective Economic Advantage, (III) Malicious Abuse of Process, (IV, V, & VI) Breach of Contract, (VII) Breach of Fiduciary Duty, (VIII) Unjust Enrichment, (IX) Fraud, (X) Trade Libel, (XI) Civil Conspiracy, and (XII) Declaratory Judgment.  (Doc. 6 ¶¶ 240-367.)  The asserted counterclaims include (I) Breach of Contract, (II) Intentional Interference with Prospective Contract, and (III) Intentional Interference with Prospective Economic Advantage. (*Id.* ¶¶ 368-414.)  Notably, in "Counterclaim Count XII," Misitano and Pinehurst joined several new parties as Counterclaim Defendants, including the Office of the Inspector General of the United States Department of Health and Human Services (the "OIG"), United States Attorney Jeffrey A. Taylor, and United States Attorney Martin C. Carlson.  (*Id*. ¶¶ 344-345.)

On February 10, 2009, the Federal Counterclaim Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446.  (Doc. 1.)  On February 17, 2009, Defendants Misitano and Pinehurst voluntarily dismissed United States Attorneys Taylor and Carlson, without prejudice, pursuant to Federal Rules of Civil Procedure 41(c) and 41(a)(1)(A). (Doc. 2.) On February 26, 2009 the OIG filed a Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction over this action and that Misitano and Pinehurst have failed to state a claim against OIG. (Docs. 11 & 12.) This Court granted OIG's Motion to Dismiss on September 16, 2009. Also, because all federal claims had been dismissed, this Court declined to exercise its discretion to hear the pendent state law claims. It its Order, this Court simply dismissed the case and ordered the Clerk of Court to mark the case as closed.

2

On December 21, 2009, Plaintiffs filed a Motion to Correct Clerical Errors in the September 16, 2009 Order, pursuant to Federal Rule of Civil Procedure 60(a). Plaintiffs sought to have the remaining state law claims remanded to state court. On January 8, 2010, this Court issued a Memorandum Order that amended the previous Order to read that the case was "dismissed without prejudice." The Court believed that such a change would correct the clerical omission previously made and reflect the original intention of the Court when it issued is September 16, 2009 Order.

On January 13, 2010, Plaintiffs filed a Motion for Reconsideration, arguing that the Court would cause manifest injustice by dismissing the pendent state law claims rather than remanding them to state court. That motion was granted by this Court on March 1, 2010. In that order, the January 8, 2010 order was vacated, and the September 16, 2009 order was amended to remand this case to the Court of Common Pleas of Bradford County, Pennsylvania.

On March 12, 2010, Defendants filed a Notice of Appeal. That same day, they also filed the instant motion seeking a supersedeas bond pursuant to Fed. R. Civ. P. 62(d) or a stay pending appeal to the Third Circuit Court of Appeals.

## DISCUSSION

**1.    Supersedeas Bond Pursuant to Rule 62(d)**

Rule 62(d) states that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond," except for interlocutory or final judgments for an injunction, receivership, or an action for patent infringement. The purpose of Rule 62(d) is to preserve the status quo during the pendency of appeal. *Herbert v. Exxon Corp.*, 953 F.2d 936, 938

3

(5th Cir. 1992). However, a supersedeas bond need only be posted "in cases where the judgment appealed from is for a specific sum of money or for an amount that can be calculated to a reasonable certainty." *Fallowfield Dev. Corp. v. Strunk*, Civ. A. Nos. 89-8644, 90-4431, 1995 WL 93438, at *2 (E.D. Pa. March 3, 1995); *see also F.T.C. v. NHS Systems, Inc.*, Civ. Act. No. 08-2215, 2009 WL 4729893, at *1 (E.D. Pa. Dec. 10, 2009) (noting that applicability of Rule 62(d) turns on whether judgment is monetary or non-monetary).

Because Defendants are appealing a remand order, rather than a monetary judgment, Rule 62(d) is not applicable in the instant case. As such, Defendants are not entitled to a supersedeas bond and their motion will be denied on this issue.

**2.     Stay Pending Appeal**

According to Defendants' reply brief, they are not seeking a recall of this Court's remand order, but a stay of execution of judgment pursuant to Rule 62(a). However, the judgment that Defendants seek to have stayed is this Court's order remanding this case to state court. That order has already been sent to the Court of Common Pleas for Bradford County and that court has taken action in reliance on that order. (Doc. 113, Exs. A, B.)

The Third Circuit Court of Appeals, in a footnote, noted that when a party moves to stay a remand order that has already been sent to the state court, the motion stay is moot. *Hudson United Bank v. LiTenda Bank Mortgage Corporation*, 142 F.3d 151, 154 n.6 (3d Cir. 1998). At least one other Court of Appeals has held that remand orders are not subject to Rule 62. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001). Other district courts have also held that Rule 62 does not allow a federal district court to stay a case pending the appeal of a remand order. *Lightbourn Equipment Co. v. Perkins Engines, Inc.*, 39 F.

4

Supp.2d 785, 786 (N.D. Tex. 1999); *see also City of New Orleans v. National Service Cleaning Corp.*, No 96-1601, 1997 WL 5915, at *1 (E.D. La. Jan. 6, 1997).

Furthermore, there are significant issues of comity that would be violated by having this court attempt to enjoin a state court from proceeding with a case that has already been remanded. *City of New Orleans*, 1997 WL 5915, at *1. Also, there is the logical problem of seeking a "stay" of something that has already happened, namely, the remand of the instant case to state court. *See id* (noting that the district court is not empowered to "'stay' something that has already occurred and would require an injunction issued by this federal court prohibiting the state court from proceeding with this case.") Because this case has already been remanded to state court, where proceedings have begun, and Defendants are seeking to have us stay an order that has already been sent, the motion for a stay is moot.

## **CONCLUSION**

For the reasons detailed above, the Motion to Approve Supersedeas Bond or for Stay Pending Appeal of Defendants Anthony Mistiano and Pinehurst Medical Corporation, LLC will be denied. An appropriate order follows.

May 3, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFERY A. BARNHILL, et al.,

    Plaintiffs,

        v.

THOMAS F. PREGENT, et al.,

    Defendants.

CIVIL ACTION No. 3:09-CV-0273

(JUDGE CAPUTO)

## **ORDER**

Now, this  3rd  day of May, 2010, it is **HEREBY ORDERED** that the Motion to Approve Supersedeas Bond or for Stay Pending Appeal of Defendants Anthony Mistiano and Pinehurst Medical Corporation, LLC (109) is **DENIED**.

                                              /s/ A. Richard Caputo  
                                              A. Richard Caputo  
                                              United States District Judge